We hear now from the parties in Cohen v. Ricicchi. May it please the Court, Counsel, I'm Daniel Edelman representing Mr. Cohen. I can't hear you. Thank you. The District Court dismissed this Fair Debt Collection Practices Act case on the ground that a foreclosure lawsuit requesting a deficiency judgment is not debt collection. That is just wrong. Any layperson reading the complaint and accompanying documents would conclude that the plaintiff is seeking to collect a debt. It expressly requests a deficiency judgment. It requests attorney's fees, expenses, and costs in money. It states at page 30 of the appendix that this is an attempt to collect a debt. It gives instructions where to pay and how much to pay. It states that except for Aaron Cohen, we're not seeking personal liability. But with respect to him, he should be, quote, a judge to pay any deficiency which may remain, close quote. The District Court's theory that only the last step, the filing of a motion for the entry of a money judgment, constitutes debt collection, has little to commend it. If you apply that logic to other collection lawsuits, filing it, taking discovery, determining that the account belongs to the consumer, assessing the total amount due, placing any valuation on collateral that's involved, which can be non-real estate such as an automobile, determining the propriety of its disposition. Would you agree that the straightforwardness of your argument is marred a little bit by the addition, after we decided Goldman, of 1692G sub D about legal pleadings, that says that a communication in the form of a formal pleading in a civil action shall not be treated as initial communication for purposes of subsection A. That suggested to me that there was some reluctance in Congress to have legal pleadings, including in foreclosure actions, treated as an initial communication that triggers all of the disclosure obligations. What's your response? Twofold. First, we allege the 1692E violation. E applies to pleadings, most recently held by the Seventh Circuit Marquez, which summarized the circuit's law on that and concluded that legal pleadings are, in fact, covered. Second, the exemption in GD was intended to avoid what happened here, namely debt collectors including the 1692G notice of debt with the summons and complaint were sending at the same time, the reason being that the summons has deadlines and the 1692G notice of debt has deadlines, and it was desired not to provide the consumer with conflicting deadlines. The problem for that appears to be that the attachments here were required by law. They were legally obligated by New York law to file those documents with the foreclosure complaint, so it wasn't the kind of sandbagging that you're talking about. Well, there were a series of documents. Certainly the request for judicial intervention, which was a request for a settlement conference, which did in fact take place and there were subsequent communications, was not a formal pleading in the legal action under any construction. I'm sorry. The certificate of merit and the request for judicial intervention, aren't those both documents that they were obliged to file under CPLR 3012BA with the complaint? The request for judicial intervention was not filed with the complaint, nor is it required to be. That's 22 New York CRR 20212A. It's in— At the time of the proof of service and summons and complaint, plaintiffs shall file with the county clerk a specialized request for judicial intervention. Correct. That was done a couple of—it's a couple of weeks after the filing, after service, and it requests a settlements conference. In Garland v. Davidson Fink, we held that even a superfluous attachment falls within 1692G's pleading exception. If a superfluous attachment falls within it, I find it difficult to think that a required filing wouldn't also be exempt, or is there some point in your argument that you want to expand on? Well, one point is for 1692G purposes, a settlement conference and the document required to invoke it, even if mandated, and many courts, including the federal courts, mandate settlement conferences in cases, is not a formal pleading in the legal action. More importantly— You have to deal with our Garland v. Davidson Fink. Yes. Well, which said that attaching a—well, if— With the legally required documents that have to be filed with a foreclosure complaint and we're asking you how that doesn't come within Garland v. Davidson Fink. The conduct of a settlement conference, even if mandatory, is not a formal pleading in the legal action. It's not filed with a complaint. It's an invitation to the type of informal interaction that the notice of debt is intended to provide information for. Moreover, there is a 1692E violation. None of this alternative ground of affirmance applies to the 1692E violation that was alleged. Not only does 1692G require accurate disclosure of who the owner of the debt is, but stating the wrong party would violate 1692E. The information is clearly material, and it's material. What they identified Greentree as was a creditor entitled to enforce rights. Correct. As I understand New York foreclosure law, they were a creditor entitled to enforce rights under New York CPLR 3012BA. A service—under New York law, a servicing agent can file a foreclosure. That's also the case in many other states. The fact that it can do so does not mean that it is the owner of the debt. Right, but they identified themselves as the creditor entitled to enforce the rights. And that they are under New York law, unless I'm misreading it. What 1692G requires is disclosure of the owner of the debt, and I submit that under 1692E, the failure to disclose that information is also a violation. It is material because you need it to know who the owner of the debt is in order to determine what your rights are with modification, loss mitigation, and so forth, the things which take place at a settlement conference. Otherwise, you make a proposal, and you're told it's not consistent with investor guidelines, the investor being the owner. So, yes, it's material information. Its omission, or treating the servicing agent as the owner, is misleading and actionable. But regardless, I think the court should simply concentrate on the two grounds cited by the district court and leave the remaining matters to be addressed upon remand because it gets into factual issues and would cut off our right to amend. Thank you. I know you want to reserve. Yes, Your Honors. Good morning, Your Honors. Joseph Rizzone on behalf of Amicus Consumer Financial Protection Bureau. May it please the Court. Initiating a judicial foreclosure that can lead to a deficiency judgment is debt collection for purposes of the FDCPA, for the Fair Debt Collection Practices Act. The availability of a deficiency judgment means that the final judgment in the foreclosure proceeding can result in a judgment against the debtor for payment of the balance of the debt. And as the FDCPA makes clear, the definition of debt includes when the consumer's obligation to pay is reduced to judgment. So, therefore, because the foreclosure proceeding, the single foreclosure proceeding, can lead to the collection of a debt, the deficiency judgment, the initiating of the procedure, is in connection with the collection of a debt. It's important to note that in this Court's decisions in Hart v. FCI Lender and Carlin v. Davidson, that the standard at the motion to dismiss stage is whether the consumer can reasonably interpret the communication here, the foreclosure documents, being in connection with the collection of a debt. Because the proceeding, at the time the foreclosure documents are filed and the consumer receives those communications, because it is a possibility that the consumer can end up paying their balance of the debt. So that's your position in all the states in which initiating foreclosure action could result in a deficiency judgment, regardless of whether it's claimed right at the beginning or whether there's some further procedure that has to happen to obtain a deficiency judgment? I mean, I guess here in the wherefore clause it was set out that the lender would be seeking a deficiency judgment, but that's not always the case, right? Yes, you're right, Your Honor. In the case here, the wherefore clause specifically notes that the deficiency judgment is possible. Where a deficiency judgment is available as a part of the single proceeding, yes, that is debt collection. We also make the broader argument in our brief, briefly, that if this court so chooses, it could hold that foreclosure by definition is debt collection. So I'm concerned about that because I see a melding that's been rejected in the bankruptcy context, but a melding in the foreclosure context of debt collection protections that Congress has instituted and placed all these disclosure obligations quite correctly on debt collectors who, you know, but kind of focused initially, as I understand it, at abusive phone calls in the middle of the night and people coming in banging on the door and applying all of those kind of protections in the legal context where adding required notifications threatens the clarity of the legal process. I mean, you add to it summons and complaint, a lot of disclosures about I'm a debt collector and, you know, we hear all the things you can do and here's all the information, you know, about the amount of the debt and so on can create confusion rather than clarity. But the CFPB, I take it, is taking the position that this is remedial legislation, has to be broadly confused and construed, and except where there's this particular carve-out for pleadings, we need to look at this as a more general action to collect a debt and apply all of these protections. Can you speak to my concern about melding the two systems? Yes, Your Honor. As Your Honor correctly noted, this Court has held in Avila that the FDCPA is a consumer protection statute that should be liberally construed. And it's worth noting that regardless, the appellees here did include the debt collection language in the summons. It's confusing. Yes. And the case escapes me now, but I believe this Court has addressed the notice requirements, specifically the validation of debt notice requirements and when they are included in legal proceedings. I will note that Congress had originally exempted lawyers and litigation activities from the FDCPA's coverage. They removed that exemption. The Supreme Court in Hines talks about how the FDCPA still applies to litigation activities. But they added still, they overturned Goldman and added the 1692GD. Yes, Your Honor. And the FDCPA was twice amended to add carve-outs for legal pleadings. All right. So what's your position on that? Because you heard us ask that of counsel. Do we even have to reach the question you're asking us if these communications don't fit into the initial communication for purposes of subsection A? We acknowledge the exemption for legal pleadings in 1692GD, the validation of debt notices. We take no position on whether the request for judicial intervention is a legal pleading. But it's important to note that there is — I mean, you're here telling us your position on one part of the statute, and the other part of the statute is equally, if not perhaps more determinative here, and you have no position on that?  We only addressed the — If you want to be a friend of the Court, we need your position on both statutes. I mean, you can't come in here and say, well, we want you to decide one question, which we may not have to reach. Yes, Your Honor. I'm quite perplexed as to how you don't think you can easily answer the other question. New York law requires this kind of an action to have certain documents filed along with it, the certificate of merit and a request for judicial intervention. Now, you know, individuals filing foreclosure actions in New York are going to attach those two documents because New York law requires them to do so. Are they communicating for purposes of subsection A or not? The Bureau for the validation of debt notice requirement would defer to New York state law as to what is a pleading. But it's important — Now, it's not — New York doesn't call them pleadings, but New York says if you want to plead a foreclosure action, you have to attach these two documents. Then it would be up to this court to determine following Carlin whether this meets in the form of a formal pleading, which is a requirement of 1692G. It's important to note that even after the amendments to the FDCPA to add these carve-out for legal proceedings, they didn't do a carve-out writ large. They carved out specific provisions. They didn't carve out the 1692E misrepresentation and false means provision. They're misleading and false representations in a complaint as the Sixth Circuit — Would that be actionable? The false statements in a complaint or in some kind of, you know, a motion for summary judgment, that would be actionable under the FDCPA? In a complaint, yes. The false or misleading representation would be actionable under the FDCPA as similar holdings in the Sixth Circuit and Glaser and — Let me ask you, do you have a false statement here? If — The defendant identified itself as a creditor entitled to collect the debt. You see how New York law defines a creditor. The plaintiff asked who the owner was in discovery and was told who the owner was. Do we have a situation here where we should be concerned about false representations? I would point the Court to the definition of creditor in the FDCPA, and that is what the Court should look to and not the definition under New York law, where, as I understand Appellee's argument, is that New York law provides they can bring the foreclosure action. That is what New York law entitles them to do. The FDCPA, the question is different. It's are they the creditor? Are they to whom the debt is owed? And as Your Honor correctly points out — And in legal pleading, they have to plead, well, we're a creditor for purposes of New York law, but we want to advise you we're not the owner of the debt. Is that what you're saying that the Federal law requires here? Yes. The Federal law requires that they include the creditor as it's defined by the FDCPA, and the creditor as it's defined by the FDCPA is to whom the debt is owed. And what court has so held? I do not believe a court has — I'm not aware of a court that has specifically held that creditor for purposes of the FDCPA and a foreclosure complaint should be as creditors defined in the FDCPA. Okay. Thank you. Let's hear from your adversary. Thank you, Your Honor. May it please the Court. My name is Henry Mashover, Rifkin-Radler, attorney for defendant Rosicki. The district court was correct that the FDCPA does not apply to this mortgage foreclosure action. The best reading of the FDCPA is that a mortgage foreclosure action in and of itself doesn't constitute debt collection. I hear there was an attempt to collect a deficiency judgment, or you laid the groundwork for it, and we're supposed to apply the standard of a least sophisticated consumer. That's right. How does it not create a potential for terrible confusion on the consumer's part if it's not treated as doing just that and laying the groundwork for a deficiency money judgment against an individual later? Because the boilerplate provision in the wherefore clause is not enough, because a deficiency judgment at that point is merely just a hypothetical — Because it's boilerplate, it's not meaningful? Well, it's not even clear that it has really legal consequences, and it certainly wouldn't mean very much to the least sophisticated consumer. But it entitles you, and you're entitled anyway, as I understand New York law, to seek a deficiency judgment after the foreclosure, I guess after the sale has occurred and there's a remaining amount due and owing. But we're not entitled to it. We have to ask Supreme Court permission, and the Supreme Court has the discretion to award a deficiency judgment or not. It's entirely up to the Supreme Court's discretion. But that still makes this an action in which a consumer ultimately could be held liable for a money judgment, and that strikes me as in connection with a collection of a debt, especially given the injunction to construe the FDCPA broadly to protect consumers. Why is that wrong? It certainly could be, but there are multiple different steps that have to occur for that to happen. There has to be a sale. The sale has to generate less than the debt, and the fair market value of the property has to be less than the debt. And if the sale generates more proceeds than the debt, then the debtor ends up getting a check. So at the end of this so-called debt collection. But I remind you again the standard is the least sophisticated consumer. All the steps you've just described help underscore my point that the least sophisticated consumer could be terribly confused by this and yet end up with a money judgment against her at the end of the day. It is certainly a possibility, and if you're not convinced that the FDCPA shouldn't apply here, that's not an issue that you actually ever have to reach in this case because it's clear that the plaintiff failed to plausibly state a claim for an FDCPA violation, even if it did apply here. There's been a lot of talk about the pleading requirement of 1692G, and the Certificate of Merit and the RJI are absolutely required to be filed along with the summons and complaint. Not directly in that same day, but certainly 20 days after. Those all have to be eventually submitted to New York courts. Second of all, with respect to 1692E, there was no misrepresentation and there was absolutely nothing that was misleading or false in this case. Based on the documents that the plaintiff incorporated by reference into the complaint, they conclusively established that Greentree was in fact the owner of the note and the mortgage in this case. And that's why they identified themselves at the creditor. If I had you take the position that you were the owner, I thought you took the position that you had the right to enforce the debt, but I thought you recognized Fannie Mae to be the owner. Am I incorrect? No. No. It's clear that Greentree is the owner of the note and the mortgage. In connection, New York law requires that the plaintiff who commences a Fort Mortgage foreclosure action has to include the original note and mortgage and all the assignments of that note and mortgage up until the time of the mortgage foreclosure action. And that's exactly what Resicki did. I thought your argument was in part that as of the time the complaint was filed, that was accurate. Absolutely. And there may have been some subsequent transfer or acquisition. Is that right? Exactly. That Greentree was in fact the owner of the note and the mortgage at the time of the mortgage foreclosure action. There's a letter in the record that was dated six months after the mortgage foreclosure action even occurred. That simply doesn't speak to the question of who owned the debt at the time of the mortgage foreclosure action. This was a motion to dismiss, yeah? That's right. How are we taking into account letters that were sent six months after? You don't even need to look at that letter. You're taking it into account. Can I? You cited it to us. Can we take it into account or not? The plaintiff incorporated all the documents that I'm referring to into their complaint by reference. And because the complaint specifically references the mortgage foreclosure action and the mortgage foreclosure complaint. And the mortgage foreclosure complaint includes records that were filed in the Rockland County Clerk's Office. And they show who owned the note and the mortgage. They show that Sterling Empire was the original entity. Then they assigned it to Bank of America. And then they assigned it to Greentree, both the note and the mortgage. So all of that is incorporated by reference into the plaintiff's complaint. Under those circumstances, they can't plausibly state a claim that Greentree didn't own the debt when the documents that they incorporate by reference prove otherwise. And I'd also note that this is something that's very easy for them to support their conclusory statement that Greentree didn't own the debt. All they had to do was go to the county clerk's office and find out for sure. But they didn't do that. And they didn't do it because they can't. Because Greentree was the owner of the note and the mortgage at the time of the mortgage foreclosure action. And you can affirm on that ground in this case. The court doesn't have any other questions. I'll rest on my brief. Great. I mean, you reserved a few minutes. Oh, I'm sorry. I apologize. Counsel, Mr. Bryce, I apologize. No problem, Your Honor. There are plenty of us up here today. Marty Bryce for Ditec, formerly known as Greentree, the lender in this matter. I don't want us to lose sight of the proverbial forest for the trees. There can be no dispute here, and there is no dispute, as to two key fundamental things. Number one, the documents at issue here, the summons, the complaint, the certificate of merit, were indisputably required by New York law. And the statements in those documents are indisputably accurate under New York law. And the request for judicial intervention? Well, there's been mention of that this morning, Your Honor, which is puzzling. Because as the district court notes, the alleged offending statement that Greentree is the creditor isn't in that document. So it's really irrelevant. But even if it was in that document, it was also required by New York law. So I don't think it's necessary, respectfully, for this court to adopt a blanket rule that nothing ever in connection with the foreclosure can be subject to the FDCPA. But when you're dealing with something like this, indisputably required by state law and indisputably accurate by state law, in order to avoid a conflict, as this court recognized in Simmons where the bankruptcy code was concerned, this matter should not be within the ambit of the FDCPA. The place for the plaintiff to fight this, to argue that, Greentree, you don't have standing to bring this foreclosure, you're not the creditor, was in the New York state courts. They didn't. And I can inform you that, in fact, a foreclosure judgment was entered against Cohen in the New York state court. Plaintiff's reply brief has a link to the New York state docket. You can take judicial notice. A judgment in foreclosure has been entered in favor of DITEC. So I heard plaintiff's counsel say, well, there's unspecified fact issues. This should be remanded for further consideration by the district court. Well, what are they going to do in the district court if your honors remand this? Try to re-litigate the foreclosure? Argue that we didn't hold the note? We weren't assigned the mortgage? They're foreclosed from doing that. They lost that issue in the state court foreclosure. Raised judicata, collateral estoppel, and the Rooker-Feldman doctrine preclude them from now attempting to re-litigate the foreclosure in federal courts. That's a state court issue. We're indisputably dealing with an accurate assertion required by New York state law. And your honor made this point with respect to subsection 1692G of the FDCPA. Congress was clearly concerned about statements made in pleadings, to what extent they could form the basis of an FDCPA claim and it carved it out. And it did it for good reason. Because courts that deal with that every day, and as the district court noted here, the documents at issue were mandated by the New York legislature to protect borrowers. The state courts are perfectly capable of litigating whether or not there are any inaccuracies in those documents, and that's what Congress recognized. Well, of course, federal and state systems can exist alongside, and there's no reason to, if the state has more protective procedures than the FDCPA, to apply them both. I mean, there's no preemption problem. I agree with you, your honor, and that's what I think was driving the district court's decision here. An effort to avoid a conflict, to avoid having to re-litigate in federal court what should have been and what they had every proper ability to litigate in state court. And what they're now foreclosed from litigating even in federal court. It's really that simple. And we can avoid blanket pronouncements when you're dealing with something that's not only required by but accurate under New York law. There's simply no basis to attempt to reopen that under a federal statute. Is it your position also that an action, a foreclosure action, that seeks a deficiency judgment in New York is not covered by the FDCPA generally? Yes, but again, your honor, you don't have to actually reach that under these circumstances. And again, it's the way it works in New York. It's an equitable action. There are multiple steps that have to be taken before a deficiency can be sought. So it won't end up with the imposition of a money judgment against a consumer, can't it? Yes, but for instance, this case shows you what also can happen and the aforementioned judgment entered by the New York Supreme Court in this state actually precludes a deficiency judgment from being sought. There's zero possibility of that here under the express language of the judgment. By the time the complaint was filed, that was the possibility that a consumer, a risk that the consumer ran. Was there a possibility, your honor? Yes, yes, but I would submit to you it takes more than a possibility for the FDCPA to apply. And the question is, does it involve the collection of a debt? And I would submit at the point the foreclosure complaint was filed here, the answer to that is no. Your main position is we don't have to reach that question. Yes, I think that's fair, your honor. Thank you. Thank you. Now, Mr. Edelman. Your honors, let me start by answering the question put to the CFPB. Again, Mr. Edelman, you have to speak to the microphone. I'm sorry. Let me start by answering the question put to the CFPB attorney. There are decisions holding that you must disclose the creditor or the owner of the debt as defined in the FDCPA. They're on pages 7 and 8 of our reply brief. They include the 11th Circuit. I'm sorry, page 78 of your reply brief? 7 and 8 of our reply brief. There's an 11th Circuit decision and others. With respect to who the owner of the debt is, both the FDCPA in 1692A-4 and the Truth in Lending Act in 15 U.S. Code 1641 recognize that a person may be an assignee of a debt without being the beneficial owner. The assignee has the right to sue for convenience in servicing or for collection purposes has the right to sue or foreclose under New York State law. They are not the beneficial owner of the debt. The federal law requires disclosure of the beneficial owner. Excuse me, but I thought the record showed that Greentree had been assigned the debt and that that was accurate as of the time the complaint was filed, regardless of whether subsequently another entity acquired the loan. The other entity referred to as Fannie Mae. Again, this is a fact issue. Fannie Mae doesn't invest in defaulted loans. They invest in performing loans right after they're originated. But doesn't that – I'm asking what the record shows, not what Fannie Mae's practice. The record shows the assignment for convenience in servicing to DITEC slash Greentree. But it was not just assignment for servicing. It was assignment of the debt. That's not reflected in real estate records. Truth in Lending expressly recognizes that a person may have an assignment, that it's only for convenience in servicing. It's not specified. Didn't you have an opportunity, though, at the time to look at the record as of the time the complaint was filed, which seems to be the relevant time, and determine the owner as of that time? We expressly allege that it was Fannie Mae, based on the response to the qualified written request and prior counsel's knowledge that Fannie Mae does not acquire defaulted debts. Again, this is a fact issue. They're an assignee for convenience in servicing and for purposes of enforcing the loan. They have that right under New York law. We're not attempting to collaterally attack that at all. I'm not dealing with some person who came in and out of the blue identified himself as the creditor when he had no right to payment on the loan. We are talking about the servicer here, who, as our earlier discussion showed, is identified as the creditor under New York law. How is a consumer hurt by failing to identify the beneficial owner here? What's the problem with pleadings like this in a state foreclosure action? The problem is that material rights of the consumer, including your right to a loan modification, loss mitigation rights, such as doing a short sale or a consent judgment of foreclosure, are affected by who the beneficial owner of the debt is. Fannie Mae has its own policies with respect to such matters. Freddie Mac has different policies. Chase has different policies. In order for the consumer or the consumer's attorney to intelligently address what should be done with respect to this debt problem, it is necessary to know who the beneficial owner is. Federal law requires— We're in a situation, though, in state court with rights to discovery where all you have to do is ask that question and you get an answer, as happened here. So, again, what is our concern? What is even the federal law's concern with the failure to identify the beneficial owner as well as the creditor in the initial pleading? Well, it's not in the initial pleading. Before a communication that triggers 6092G occur, if there is a communication, 6092G requires a notice of debt, including identification of the beneficial owner, either prior to or within five days after the initial communication. I think a request for a settlement conference, mandatory or otherwise, is an initial communication. The actual conduct of settlement discussions is certainly an initial communication. Most consumers are not represented. They're not going to file discovery. They're not going to submit a qualified written request. They are just going to be in the dark, and the consumer is supposed to be informed of who the beneficial owner is because, if you look on the Internet, if even an unsophisticated consumer educates himself about these matters, it makes a difference as to who the beneficial owner is in this context. And the consumer should be informed of this. The consumer was not informed about it. I mean, we're talking about whether it's mandatory, but settlement conferences are often mandatory in collection and foreclosure cases. Sometimes they're required by rules or orders. Sometimes the judge in a collection case will simply say, that's the creditor's attorney. You, consumer, go out in the hall and see if you can resolve this, and consumers do that. That should be protected, Your Honors. Thank you. We're going to take the matter under advisement.